UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JON SIGUR, ET AL | CIVIL ACTION |
| VERSUS | |
| EMERSON PROCESS MANAGEMENT, ET AL | NO. 05-1323-A-M2 |

**RULING & ORDER**

This matter is before the Court relative to the Motion to Review Taxation of Costs (R. Docs. 152) filed by defendants, Emerson Process Management, LLLP ("Emerson") and Fisher Services Co. ("Fisher") (collectively "defendants"). During the course of preparing a report and recommendation relative to the defendants' motion, the undersigned determined that it has not been provided with specific information necessary to issue a recommendation relative to the defendants' request for expert witness fees, and as a result, the undersigned will defer issuance of a recommendation until such information is received.

In their motions, Emerson and Fisher contend that they are entitled to the expert fees relating to their two expert witnesses, Charles Morin ("Morin") and Charles Theriot ("Theriot"), in the amounts of $5,312.17 and $6,577.53 respectively, because they relied upon the testimony of Morin and Theriot in formulating their defense. The Clerk of Court declined to award the requested expert fees, stating that the Court must determine if the expert fees were "necessarily obtained."

Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under 28 U.S.C. §1821 and §1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319,

1

332 (5th Cir. 1995), citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987).[1][2] While some courts have also awarded expert fees under Fed. R. Civ. P. 54(d) if, after carefully scrutinizing the prevailing party's bill of costs, the district court determines that the expert's testimony was "crucial to the issues decided and the expenditures were necessary to the litigation,"[3] neither Fifth Circuit nor U.S. Supreme Court jurisprudence authorizes such a practice.[4] In fact, three U.S. Supreme Court decisions since 1987 have specifically held that a party's expert witnesses are only entitled to the regular statutory witness fees allowed by §1821. *See, Crawford Fitting Co.*, at 438-439; *W. Va. Univ. Hosps. v. Casey*, 499 Fu.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, – U.S.–, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006). Most recently, the Sixth Circuit Court of Appeals held, basing its decision upon the "clear Supreme Court precedent" in *Crawford*, *Casey*, and *Arlington*, that

---

[1] *See also, West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 84-88, 111 S.Ct. 1138, 1140-41, 113 L.Ed.2d 68 (1991)(limiting witness fees to statutory amounts, absent express statutory authority); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994)(Cost award to defendant for time its experts attended trial improperly exceeded statutory allowable of $40 per day for each day of witness' trial attendance, including days spent traveling to and from trial).

[2] Pursuant to 28 U.S.C. §1821(b), a witness shall be paid an attendance fee of $40 per day for each day's attendance in court or a deposition, and a witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. 28 U.S.C. §1821(b). *See also, J.T. Gibbons*, at 617 (Expert witness fees were not taxable as costs beyond statutory per diem fee, mileage, and subsistence allowance); *International Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174, 1175-77 (5th Cir. 1986)(overruling *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), and holding that fees of non-court-appointed expert witnesses are taxable only in the amount specified by §1821 except where expressly authorized by Congress or where one of three narrow equitable exceptions apply).

[3] *See, Nebraska Public Power Dist. v. Austin Power, Inc.*, 773 F.2d 960 (8th Cir. 1985); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006); *Leatherwood v. Houston Post Co.*, 1996 WL 61492 (S.D. Tex. 1996).

[4] *See, Baum v. U.S.*, 432 F.2d 85 (5th Cir. 1970)(Expert witness fees, above subsistence and travel, will not be taxed against the losing party).

expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because §1920 does not provide for them.  *See, L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)(also noting that the Eighth and Third Circuits, but not the Fifth Circuit, have allowed for the taxation of expert witness fees in the court's discretion when the expert's testimony was indispensable to the determination of the case).

Considering the above U.S. Supreme Court precedent, this Court agrees with the approach taken by the Sixth Circuit in *L & W Supply*.  Thus, while Emerson and Fisher will not be awarded the requested expert witness fees of Theriot and Morin under Rule 54(d) (*i.e.*, the hourly rate charged for the experts' time and services), they are entitled as a matter of course to recover the witness costs provided for in §1821, which are "largely compensatory in nature."  *Id.*  Because Emerson and Fisher's motion and its initial and supplemental Bills of Cost only provide lump sum monetary figures for the expert fees demanded, the undersigned is unable to determine the total statutory fees to which they are entitled under §1821 based upon their experts' attendance at depositions and/or in court in connection with this matter.  It will therefore be ordered that the defendants provide that information to the Court within ten (10) days so that a complete report and recommendation relative to their motion to review taxation of costs can be issued.

Accordingly;

**IT IS ORDERED** that defendants, Emerson Process Management, LLLP and Fisher Services Co., shall submit to the Court, within ten (10) days of this Order, information regarding their experts' attendance at depositions and/or in court in this matter so that the undersigned can determine the total statutory fees to be awarded to the defendants relative to each expert under 28 U.S.C. §1821.

Signed in chambers in Baton Rouge, Louisiana, February 19, 2008.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**