**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JON SIGUR, ET AL** | **CIVIL ACTION**

**VERSUS**

**EMERSON PROCESS MANAGEMENT, ET AL** | **NO. 05-1323-A-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, February 21, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JON SIGUR, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **EMERSON PROCESS MANAGEMENT, ET AL** | **NO. 05-1323-A-M2** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the Motions to Review Taxation of Costs (R. Docs. 152 and 154) filed by defendants, Emerson Process Management, LLLP ("Emerson"), Fisher Services Co. ("Fisher"), and John H. Carter Co., Inc. ("Carter") (collectively "defendants"). Plaintiff, Jon Sigur ("Sigur"), Individually and as President on behalf of Surplus Sales, Win Valco, Ltd., and Control Valve Services, Inc., has filed an opposition (R. Doc. 157) to defendants' motions, wherein he incorporates, by reference, his memorandum (R. Doc. 143) and supplemental memorandum in opposition (R. Doc. 146) to the defendants' initial motions to tax costs.

**FACTS & PROCEDURAL BACKGROUND**

Sigur filed this suit against the defendants on November 10, 2005, seeking damages for certain alleged defamatory conduct by the defendants. Defendants filed motions for summary judgment, which were granted by the Court on July 2, 2007. (R. Doc. 128). The Court then entered judgment in favor of the defendants on July 10, 2007, dismissing Sigur's suit with prejudice. (R. Doc. 131). Sigur filed a motion for new trial, which was denied by the Court on August 22, 2007. (R. Doc. 148).

On July 11, 2007, Emerson and Fisher filed a Bill of Costs and requested that the Clerk of Court award them costs in the amount of $31,631.40, and on July 26, 2007 and

August 1, 2007, they filed Supplemental/Amended Bills of Costs in which they sought an additional $2,176.61 in costs. (R. Docs. 132, 140, and 145). On July 27, 2007, Carter filed a Bill of Costs seeking $21,000.80 in costs. (R. Doc. 142). On October 30, 2007, the Clerk of Court awarded Emerson and Fisher $8,535.25 in costs, denying those entities' requests for fees of the state court clerk paid prior to removal ($206); court reporter fees for the depositions of Deborah Maddox, Ronald Robertson, Donald Ray Daigle, William C. Brown, and Fitz Henry ($2,950.02); copying expenses ($2,965.01); travel costs ($2,700.69); computer legal research expenses ($5,585.30); and expert fees ($11,889.70). On that same date, the Clerk awarded Carter $6,293.04 in costs, denying recovery of fees paid to the state court clerk prior to removal ($361.50); for the video deposition of Sigur ($795); an adjustment to the cost of the deposition transcript of W. Brown to exclude the cost of the deposition of Bruce Lowery ($200.13); copying costs ($1,387.49); travel costs ($691.94); computer legal research ($607.43); and expert fees ($10,664.30). The Clerk's Taxation of Costs (R. Docs. 150 and 151) indicated that, pursuant to Fed. R. Civ. P. 54(d), its determinations of costs to be taxed may be reviewed by the Court, provided a Motion to Review is filed within five (5) days from receipt of the Taxation of Costs.

Emerson, Fisher, and Carter have now filed timely motions to have this Court reconsider the Taxation of Costs issued by the Clerk. Emerson and Fisher seek to have the Court increase their award of costs from $8,535.25 to $29,843.70, while Carter seeks to have its award increased from $6,293.04 to $9,444.46.

**LAW & ANALYSIS**

Taxation of costs by the clerk of court is subject to de novo review by the district court. *Greene v. Fraternal Order of Police*, 183 F.R.D. 445 (E.D. Pa. 1998); *Montgomery County v. Microvote Corp.*, 2004 WL 1087196 (E.D. Pa. 2004). Pursuant to Fed. R. Civ. P. 54, the prevailing party in litigation is "presumptively entitled" to costs. *Greene*, at 447-448, citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Nevertheless, the district court retains broad discretion in determining whether and to what extent it should award costs to a prevailing defendant. *Id.*; *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006). "The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties." *Id.*, quoting *Croker v. Boeing Co.*, 662 F.2d 975, 998 (3d Cir. 1981); *See also, Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 233-234, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)(emphasizing court's discretion in determining amount of costs to be awarded pursuant to Rule 54).

Pursuant to 28 U.S.C. §1920, a judge or clerk of court of the United States may tax as costs the following: (1) Fees of the clerk or marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript "necessarily obtained" for use in the case; (3) Fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under §1923 of this title; and (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title. 28 U.S.C. §1920. A court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are

reasonable, both in amount and necessity to the litigation." *Roberson v. Brassell*, 29 F.Supp.2d 346 (S.D. Tex. 1998), quoting *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990); *Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985).[1] With those legal standards in mind, the Court now examines each category of costs denied by the Clerk to which the defendants contend they are entitled.

**I. Filing Costs:**

Although Emerson and Fisher do not assert, in their present motion, that they are entitled to the filing fees which were paid by them to the state court clerk prior to removal, Carter argues that it is entitled to reimbursement of same in the amount of $361.50. In support of that argument, Carter cites *Card v. State Farm Fire and Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989). However, *Card* does not stand for the proposition that the prevailing party is entitled to state court filing fees prior to removal, it simply holds that, in a removed case, the removal filing fee paid by the removing party may be taxed as part of costs. *See*, 77 C.J.S. Removal of Cases §200 (citing *Card* and noting that, while a removal filing fee may be taxed as costs, a state court filing fee may not be so taxed and costs accuring in state court after removal, in proceedings improperly taken therein, will not be taxed by the federal court).[2] Thus, although Carter was entitled to receive all removal and

---

[1] *See also, Berryman v. Hofbauer*, 161 F.R.D. 341, 344, citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)("While the [ ]enumerated costs [in] §1920 are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' . . . and in an amount that is reasonable")[Citations omitted].

[2] *See also, Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136 (8th Cir. 1987)(Prevailing party in action concerning breach of employment contract was not authorized to tax state court filing fees or removal bond premiums).

filing fees paid to this Court, it is not entitled to reimbursement of filing fees paid in state court prior to removal, and the Clerk of this Court acted properly in not taxing such fees as costs.

**II. Depositions:**

The Clerk awarded defendants the cost of the depositions which they specifically cited in connection with their motions for summary judgment. The defendants now contend that they are entitled to costs for other depositions taken in connection with this matter that, although not specifically referenced in their summary judgment motions, were "necessarily obtained" for use in their defense of this case and/or were taken for use in structuring questioning at trial. *See*, Emerson/Fisher motion, p. 3, and Carter motion, p. 3, citing *Soderstrum v. Town of Grand Isle*, 925 F.2d 135, 141 (5th Cir. 1991); *Nisho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir. 1984); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149 (S.D. Miss.1994). Emerson and Fisher argue that they are entitled to reimbursement of costs related to the depositions of Ronald Robertson ($117.15) because his deposition was necessary to refute Sigur's claim that his sales were adversely impacted by the CD and to exclude the expert testimony of plaintiff's expert, Philip A. Garrett, CPA; Fitz Henry ($520.74) because he was listed as a witness by plaintiff; and William C. Brown and Donald Ray Daigle ($444.22) because they were deposed by plaintiff's counsel. Carter asserts that it is entitled to reimbursement relative to the video deposition of Sigur ($795); Carter argues that it "felt it was important to video tape the deposition of [ ] Sigur given the serious nature of the intentional tort allegations, and given the problems that [d]efendants were having with discovery directed to the Plaintiffs."

The Fifth Circuit Court of Appeals has consistently held that a deposition need not be introduced into evidence or used at trial in order for it to be "necessarily obtained for use in the case." *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). If, at the time the deposition is taken, a deposition could "reasonably be expected to be used for trial preparation," rather than merely for discovery, it may be included in the costs of the prevailing party. *Id.* Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. *Id.*[3] Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination to be made by the Court, which is accorded great latitude on appeal. *Id.* Such factual determination is made "in light of the facts known to counsel at the time [the deposition] was taken." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 258 (5th Cir. 1997); *See also, Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518 (5th Cir. 1999)(It is not required that a deposition actually be introduced into evidence or used in a prevailing party's summary judgment filings for it to be "necessary for a case"– as long as there is a "reasonable expectation that the deposition may be used for trial preparation").[4]

The Tenth Circuit Court of Appeals has also noted that deposition transcripts are considered "reasonably necessary" for trial when the discovery period in the case has passed at the time the summary judgment motion is granted. *See, Reuther v. Smith*, 2003

---

[3] Although §1920 only specifically refers to fees for any part of the stenographic transcript of a deposition, the section has been interpreted to include costs associated with the taking, transcribing, and reproducing of depositions and their transcripts. *Thomas v. Trico Products Corp.*, 2007 WL 922237 (S.D. Tex. 2007); *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984).

[4] The party seeking reimbursement for deposition costs and for costs of copies must offer proof of their necessity. *Fogelman*, at 286.

WL 22174275 (E.D. La. 2003), citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1205 (10th Cir. 2000). Since the discovery period in the present matter ended on March 15, 2007 (*See*, R. Doc. 48), well prior to the Court's granting of defendants' motions for summary judgment on July 2, 2007 (R. Doc. 128), the Court finds that the type-written deposition transcripts of Robertson, Henry, Brown, and Daigle, ordered by Emerson and Fisher, were "necessarily obtained for use in this case" for purposes of §1920.[5] *Id.*

Furthermore, based upon Emerson/Fisher's articulated uses for the depositions of Robertson, Henry, Brown, and Daigle, the Court finds that copies of those deposition transcripts were ordered with the reasonable expectation that they would be used for trial preparation and/or at trial, rather than merely for the convenience of defense counsel. Robertson's testimony would have been used at trial to refute the testimony of Sigur and his expert, Garrett, concerning Sigur's alleged damages, while the depositions of Henry, Brown, and Daigle would have been used to prepare for their possible cross-examination at trial and/or to structure questioning of other plaintiff's witnesses at trial. At the time the depositions in question were taken, defense counsel could not have known that Garrett's testimony would subsequently be excluded resulting in summary judgment being granted in their favor and whether the depositions would ultimately be utilized at trial. *See, Meisner v. State*, 2000 WL 1693981, at *2 (N.D. Tex. 2000).

---

[5] Additionally, Sigur has not presented any argument in his opposition to Emerson and Fisher's present motion regarding the deposition transcripts of Robertson, Henry, Brown, and Daigle and why obtaining them was not necessary to Emerson and Fisher's defense in this case. Accordingly, defendants' contention in that regard is unrefuted. In his opposition, Sigur simply argues that defendants are not entitled to taxation of costs relative to the video deposition of Sigur and the type-written transcripts of the depositions of Heath Benson, Carey Boudreaux, Brett Braud, Jared Braud, Blake Coburn, Lynn LeBourgeois, Jeremy Todd, and Deborah Maddox. *See*, pp. 7-10 of Sigur's opposition, R. Doc. 143.

As to the costs associated with the video deposition of Sigur, the Court finds that the Clerk appropriately denied taxation of such costs. While it was proper for the Clerk to allow costs relative to the court reporter fees for the type-written transcript of Sigur's deposition,[6] costs associated with video recordings of depositions are not included in §1920, and a court therefore may not tax such costs against an unsuccessful party, regardless of how important the particular deponent's testimony is to the case. *See*, 28 U.S.C. §1920; *Verdin*, at *3, citing *Conoco, Inc. v. Energy & Env't, L.C.*2006 WL 734396, *1 (S.D. Tex. Mar. 22, 2006).[7] Accordingly, Emerson's and Fisher's request for a total of $1,082.11 in costs for the deposition transcripts of Robertson, Henry, Brown, and Daigle should be awarded, while Carter's request for $795.00 for the video deposition of Sigur should be denied.

**III. Copies:**

In their Bills of Cost filed with the Clerk of Court, Emerson and Fisher requested an award of $2,859.36 for copying expenses, while Carter requested $1,387.49 for same. The Clerk ruled that "it is the policy of the [C]lerk's office to allow the cost of copies of those documents which are placed in evidence at trial or those which were used for a successful motion for summary judgment. The documentation submitted [with the defendants' Bills

---

[6] *See, Verdin v. Autozone TX, L.P.*, 2007 WL 4260913, *3 (S.D. Tex. 2007), citing *Tittle v. Raines*, 2002 U.S. Dist. LEXIS 21171, *6 (N.D. Tex. 2002)(It is reasonable to expect that a plaintiff's deposition will be taken and may be used in preparation for trial).

[7] *See also, Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001)(The Supreme Court has indicated that federal courts may only award those costs articulated in §1920 absent explicit statutory or contractual authorization to the contrary. The court erred in taxing the defendant with the cost of videotaped depositions since §1920(2) only allows for the recovery of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." There is no provision for videotapes of depositions); *Baker v. Washington Mut. Fin. Group, LLC*, 2007 WL 571103, *19 (S.D. Miss. Feb. 20, 2007); *Jensen,* at 746 (The Fifth Circuit has consistently held that videotaped depositions are not taxable as costs under §1920(2)); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998).

of Cost] does not indicate what documents were copied." The defendants therefore were not awarded any copying expenses.

In their present motion, Emerson and Fisher now submit that they "conservatively" made 250 copies in connection with their Motion and Memorandum in Support of Motion for Summary Judgment, Exhibits and their Reply Memoranda. Citing *Dang v. Cross*, 2003 WL 21530137 (C.D. Ca. 2003), they assert that copying expenses of $.25 per page is allowable and calculate that they should be awarded $62.50 (250 copies x $.25) relative to copies made for the summary judgment motion. They further contend that they produced numerous documents in connection with plaintiff's discovery requests to which the remainder of their copying expenses relate. They indicate that a conservative estimate of their copying expenses for documents produced with their discovery responses is $2,796.86, resulting in a total copying expense request of $2,859.36.

In its motion, Carter notes that, because this case never went to trial and it served its summary judgment motion and supporting exhibits and papers electronically, the copying costs it is seeking relate primarily to its responses to plaintiff's requests for production. Carter's counsel has produced invoices reflecting the actual costs incurred when third parties were involved in the copying and which were actually charged to Carter by counsel. Such invoices reflect a total for copying expenses in the amount of $1,387.49.

The Fifth Circuit, in *Fogleman*, held that the cost of copying relevant documents and exhibits is subject to the same standard as that of copying depositions – meaning, reproductions "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, at 286. While a prevailing party is not required to identify every copy made for use in the course of

proceedings, some proof is required that copying expenses necessarily resulted from litigation. *Id; Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994). Furthermore, the fact that a prevailing party does not submit an itemized invoice regarding the photocopying costs incurred does not preclude an award of such costs where counsel declares under penalty of perjury that such costs are correct and necessarily incurred. *See, United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558 (5th Cir. 2005)(The fact that the defendant did not precisely itemize its photocopying costs does not undermine the district court's award since defense counsel made the appropriate declaration under penalty of perjury that the costs were "correct" and "necessarily incurred in this action"); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 484 (5th Cir. 2002)(District court did not abuse its discretion by allocating photocopying expenses incurred by defendants to plaintiff following its grant of motions to dismiss and for summary judgment, even though defendants did not itemize costs, where counsel for defendants did provide detailed documentation and made the requisite declaration under penalty of perjury).

In the present matter, defendants have provided listings which set forth the date and amount charged for photocopies made in connection with this case; however, such listings do not set forth the specific subject matter of each photocopy made. However, counsel for Emerson/Fisher and for Carter provided, in connection with their initial and supplemental Bills of Cost, the requisite declaration under penalty of perjury indicating that the photocopying costs sought are "correct and were necessarily incurred in this action." *See*, R. Docs. 132, 140, and 145. Defense counsel have also specifically represented to the Court in their present motions that the costs requested were necessarily incurred in this case as part of their summary judgment filings and/or in order to respond to plaintiff's

discovery requests. Under the Fifth Circuit jurisprudence discussed above, the Court finds that defendants are entitled to the photocopying costs requested. However, the defendants' requested rate per page of $.25 is slightly high. The Court's review of the relevant jurisprudence indicates that rates which have been deemed reasonable range from $.10 to $.25 per page, with most courts adopting a $.10 to $.15 copying rate.[8]

Accordingly, the Court will award the defendants' requested copying costs at a median rate of $.15 per page. Although the defendants have not provided the exact total number of pages for which they claim photocopying costs, based upon the undersigned's calculations, it appears that Emerson/Fisher are requesting reimbursement for approximately 11,437 pages ($2,859.36 divided by $.25 per page = 11,437.44 pages), and Carter is requesting reimbursement for approximately 5,550 pages ($1,387.49 divided by $.25 per page = 5,549.96 pages). At a rate of $.15 per page, Emerson/Fisher should therefore be awarded $1715.55 for copying costs, and Carter should be awarded $832.50.

---

[8] *See, American Automotive Accessories, Inc. v. Fishman*, 991 F.Supp. 995 (N.D. Ill. 1998)(Court adopted $.15 per page rate for allowing copying costs to prevailing party, even though attorney for prevailing party stated that outside firms charged between $.15 and $.20 per page); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645 (S.D. Fla. 2007)(where the Southern District of Florida explained that a reasonable rate for photocopying costs is $.10, unless the parties provide factual support for the reasonableness of an increased rate); *Tang How v. Edward J. Gerrits, Inc.*, 756 F.Supp. 1540, 1546 (S.D. Fla. 1991)($.10 per page); *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)($.15 per page); *Fla. Pawnbrokers and Secondhand Dealers Assoc. v. City of Fort Lauderdale*, 711 F.Supp. 1084, 1086 (S.D. Fla. 1989)($.25 per page); *Zayas v. Puerto Rico*, 451 F.Supp.2d 310 (D. Puerto Rico 2006)($.10 per page);*Goluba v. Brunswick Corp., Mercury Marine Div.*, 139 F.R.D. 508 (N.D.Ill. 1991)(Rate of $.15 to $.20 per page for copies made by prevailing party was reasonable); *Hite v. Vermeer Mfg. Co.*, 361 F.Supp.2d 935 (S.D. Iowa 2005)(Rate of $.25 per page was excessive for photocopying expenses; rather, rate of $.15 per page was reasonable); *Wolfe v. Wolfe*, 570 F.Supp. 826 (D.C.S.C. 1983)($.10 per page was reasonable for copies, rather than $.25 per page as claimed); *Kee v. NEC Technologies, Inc.*, 949 F.Supp. 662 (N.D.Ill. 1997)($.12 per page recognized as reasonable).

**IV. Travel Expenses:**

Emerson and Fisher also seek travel expenses related to defense counsel's trip to Jamaica for the depositions of Trevor Hall, Delroy Scott, Fitz Henry, and Patrick Nelson, amounting to $1,977.28. According to their motion, counsel for Emerson and Fisher traveled to Jamaica for the depositions, rather than taking them by telephone, at the request of plaintiff's counsel "to take Hall's deposition in person as his testimony was crucial to the case." By contrast, in Sigur's opposition, his counsel asserts that Emerson and Fisher "took the initiative" of noticing the above depositions in Jamaica and that the depositions "could also have been easily taken via a telephone conference call." Sigur's counsel further notes that the trip to Jamaica for the above depositions is shown to have been unnecessary, given that counsel for Carter actually attended those depositions by telephone, and another deposition of a Jamaican witness, Ronald Robertson, involved all counsel successfully participating by telephone.

As a general rule, attorney's fees and travel expenses incurred in connection with deposition-taking are not usually taxable as costs. *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613 (5th Cir. 1985); *Harkins v. Riverboat Services, Inc.*, 148 Lab.Cas. P 34750 (N.D. Ill. 2003)(Attorney travel expenses to attend a deposition are not recoverable by prevailing party as costs, inasmuch as such expenses are not listed as a recoverable cost by statute). However, costs of witness depositions may be properly taxed on a party that, by its own lack of cooperation, prevents the other party from taking testimony via video conference or telephone. *Reliable Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505 (5th Cir. 2002). Based upon the above contrary assertions by counsel, it is difficult for the Court to determine whether the decision for Emerson/Fisher's counsel to travel to Jamaica

for the depositions in question was his own or was brought about by plaintiff's counsel's request. Nevertheless, it does not appear that the taking of the depositions in Jamaica was *required* by a lack of cooperation by plaintiff's counsel, as the deposition of Hall proceeded despite the fact that counsel for Carter was not present in Jamaica.

Furthermore, courts have held that travel expenses of attorneys should not be awarded, in the absence of prior court approval, without a showing of "extraordinary or compelling circumstances." *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421 (D.C. Mo. 1984); *United States v. Bexar County*, 89 F.R.D. 391 (W.D. Tex. 1981). For example, circumstances evidencing bad faith, vexatiousness, or oppressiveness would warrant an award of attorney's fees and travel expenses incurred in connection with deposition taking. *J.T. Gibbons*, at 616. The Court does not find that a mere "request" by plaintiff's counsel that one of the depositions in question be taken in Jamaica (if that, in fact, occurred) constitutes bad faith, vexatiousness, or oppressiveness on plaintiff's counsel's part, such that an "extraordinary or compelling circumstance" existed which necessarily warranted defense counsel's travel to Jamaica for the depositions and justifies reimbursement of his travel expenses.[9] Additionally, even if plaintiff's counsel's request that the deposition of Hall be taken in Jamaica could somehow be considered an "extraordinary or compelling circumstance," counsel for Emerson and Fisher should have obtained prior court approval

---

[9] *See, McIlveen v. Stone Container Corp.*, 910 F.2d 1581 (7th Cir. 1990)(Successful litigant could be denied expenses associated with renting of conference room for taking of deposition by telephone and having attorney travel to be present for deposition; deposition could have been conducted from deponent's home or office, and attorney's presence, while possibly helpful or supportive for deponent, was not actually necessary); *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239 (N.D. Ga. 1993)(Travel expenses were not taxed as cost, where defense counsel traveled to Florida for the depositions of the plaintiffs and an evidentiary deposition of a physician at plaintiffs' counsel's "request").

for reimbursement of travel expenses prior to traveling to Jamaica to take the depositions. Accordingly, Emerson/Fisher's request for $1,977.28 in travel expenses should be denied.

**V. Expert Fees:**

Emerson and Fisher next contend that they are entitled to the expert fees relating to their two expert witnesses, Charles Morin ("Morin") and Charles Theriot ("Theriot"), in the amounts of $5,312.17 and $6,577.53 respectively, because they relied upon the testimony of Morin and Theriot in formulating their defense. Specifically, Emerson and Fisher contend that Theriot, a CPA, was retained to analyze Sigur's damages allegedly sustained when defendants defamed him and his companies by circulating a CD to his customers. Theriot prepared an expert report and testified that Sigur sustained no damages as a result of the alleged conduct of the defendants; his report and testimony were cited in defendants' motion for summary judgment. Morin, an engineer, was retained to dismantle one of the re-manufactured valves of Sigur's company, Surplus Sales, to see if it met OEM specifications, as alleged by Sigur. Morin prepared a report wherein he opined that the re-manufactured valve did not meet such specifications, thereby rebutting Sigur's allegations that the defendants defamed him by stating that his valves did not meet OEM specifications. The Clerk of Court declined to award the expert fees requested by Emerson and Fisher, stating that the Court must determine if the expert fees were "necessarily obtained."

Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under 28 U.S.C. §1821 and §1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995), citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987); *West Virginia Univ. Hosps., Inc. v. Casey*, 499

U.S. 83, 84-88, 111 S.Ct. 1138, 1140-41, 113 L.Ed.2d 68 (1991)(limiting witness fees to statutory amounts, absent express statutory authority); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir. 1994)(Cost award to defendant for time its experts attended trial improperly exceeded statutory allowable of $40 per day for each day of witness' trial attendance, including days spent traveling to and from trial).[10]

While some courts have also awarded expert fees under Fed. R. Civ. P. 54(d) if, after carefully scrutinizing the prevailing party's bill of costs, the district court determines that the expert's testimony was "crucial to the issues decided and the expenditures were necessary to the litigation,"[11] neither Fifth Circuit nor U.S. Supreme Court jurisprudence authorizes such a practice.[12] In fact, three U.S. Supreme Court decisions since 1987 have specifically held that a party's expert witnesses are only entitled to the regular statutory witness fees allowed by §1821. *See, Crawford Fitting Co.*, at 438-439 (In affirming the denial of expert witness fees as costs, the Supreme Court stated that allowing such fees as costs under Rule 54(d) would render §1920 "superfluous." When a prevailing party

---

[10] Pursuant to 28 U.S.C. §1821(b), a witness shall be paid an attendance fee of $40 per day for each day's attendance in court or a deposition, and a witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. 28 U.S.C. §1821(b).

*See also, J.T. Gibbons*, at 617 (Expert witness fees were not taxable as costs beyond statutory per diem fee, mileage, and subsistence allowance); *International Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174, 1175-77 (5th Cir. 1986)(overruling *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), and holding that fees of non-court-appointed expert witnesses are taxable only in the amount specified by §1821 except where expressly authorized by Congress or where one of three narrow equitable exceptions apply).

[11] *See, Nebraska Public Power Dist. v. Austin Power, Inc.*, 773 F.2d 960 (8th Cir. 1985); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006); *Leatherwood v. Houston Post Co.*, 1996 WL 61492 (S.D. Tex. 1996).

[12] *See, Baum v. U.S.*, 432 F.2d 85 (5th Cir. 1970)(Expert witness fees, above subsistence and travel, will not be taxed against the losing party).

seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of §1820(b), absent contract or explicit statutory authority to the contrary"); *W. Va. Univ. Hosps. v. Casey*, 499 Fu.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991)(where the Supreme Court held that §1988 did not convey authority to shift expert fees and that "[w]hen experts appear at trial, they are . . . [only] eligible for the fee provided by §1920 and §1821" absent statutory law permitting otherwise); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, – U.S.–, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006)(where the Supreme Court explained that the reasoning of both *Crawford* and *Casey* reinforced its conclusion that, unless a statute unambiguously authorizes recovery of expert fees, no such fees were recoverable as costs). Most recently, the Sixth Circuit Court of Appeals held, basing its decision upon the "clear Supreme Court precedent" in *Crawford*, *Casey*, and *Arlington*, that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because §1920 does not provide for them. *See, L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)(also noting that the Eighth and Third Circuits, but not the Fifth Circuit, have allowed for the taxation of expert witness fees in the court's discretion when the expert's testimony was indispensable to the determination of the case).

Considering the above U.S. Supreme Court precedent, this Court agrees with the approach taken by the Sixth Circuit in *L & W Supply*. Thus, while Emerson and Fisher will not be awarded the requested expert witness fees of Theriot and Morin under Rule 54(d) (*i.e.*, the hourly rate charged for the experts' time and services), they are entitled as a matter of course to recover the witness costs provided for in §1821, which are "largely compensatory in nature." *Id.* According to recent correspondence dated February 20, 2008 provided to the Court by defense counsel, Morin did not give a deposition in this case

or make an appearance in court. Theriot, on the other hand, expended 8.2 hours preparing for and giving a deposition in this matter. Applying the statutory fees allowed by §1821, Emerson and Fisher are therefore entitled to $41.00 in expert fees because Theriot spent slightly over a day preparing for and giving his deposition in this matter ($40 for the 8 hour day + $1 for the additional .2 of an hour = $41.00).[13]

**VI. Computer Research:**

Lastly, Emerson/Fisher and Carter request costs in the amounts of $3,500.00 and $607.43 respectively for the computer legal research that their counsel conducted in relation to the motions for summary judgement that they filed in this case. The Clerk of Court declined to award such costs, stating that legal research costs are "seen as an expense of counsel and not taxable." Based upon the majority approach taken in the jurisprudence, the Court agrees with the Clerk's decision and finds that defendants are not entitled to the computer legal research costs requested, as such expenses are considered compensable under an application for attorney's fees and therefore are not separately taxable as costs. *See, U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153 (2nd Cir. 1996)(District court did not abuse its discretion in declining to award plaintiff costs for computer research; such research is

[13] In response to the Court's Order dated February 19, 2008 (R. Doc. 160), counsel for Emerson and Fisher provided the time that Theriot expended preparing for and giving his deposition. Because he did not specifically set forth the amount of time Theriot spent traveling to and from his deposition (time which is compensable under §1821), it is assumed that such travel time was included in the 8.2 hour time period that was provided to Court.

merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not separately a taxable cost).[14]

## RECOMMENDATION

For the above reasons, it is recommended that the Motions to Review Taxation of Costs (R. Docs. 152 and 154) filed by defendants, Emerson Process Management, LLLP, Fisher Services Co., and John H. Carter Co., Inc., be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Carter is not entitled to reimbursement of filing fees paid in state court prior to removal;

(2) Emerson and Fisher are entitled to reimbursement of costs related to the depositions of Ronald Robertson, Donald Ray Daigle, William C. Brown, and Fitz Henry in the total amount of $1,082.11, but Carter is not entitled to reimbursement of costs related to the video deposition of plaintiff, Jon Sigur.

(3) For copying costs, Emerson and Fisher should be awarded $1,715.55, and Carter should receive $832.50.

---

[14] *See also, Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429 (7th Cir. 1994)(Computer research expenses are to be considered "attorneys fees," and not taxable "costs," since added cost of computerized research is normally matched with corresponding reduction in the amount of time an attorney must spend researching; there is no difference between the situation where an attorney researches manually and bills only time spent and the situation where an attorney does research on a computer and bills for both time and computer fee); *Leftwich v. Harris-Stowe State College*, 702 F.2d 686 (8th Cir. 1983)(Computer-aided research, like any other form of legal research, is a component of an attorney's fees and cannot be independently taxed as an item of cost in addition to an attorney's fee award); *Jones v. Unisys Corp.*, 54 F.3d 624 (10th Cir. 1995)(Costs for computer legal research are not statutorily authorized, and district court should sparingly exercise its discretion with regard to expenses not specifically allowed by statute); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000)(As a form of attorney's fees, the charges associated with computer-assisted legal research are not separately recoverable expenses); *Embotelladora Agral Regiomontana, S.S. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415 (N.D.Tex. 1997)(Expenses incurred for computer assisted legal research are not recoverable under §1920); *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006)(Expenses for items such as attorney travel and computer assisted legal research are not deemed "costs" within the meaning of the federal statute that provides for recovery of costs by a prevailing party); *Sorbo v. United Parcel Service,* 432 F.3d 1169 (10th Cir. 2005).

(4) Emerson's and Fisher's request for $1,977.28 in travel expenses should be denied.

(5) Emerson and Fisher are entitled to recover $41.00 in expert witness fees pursuant to §1821 for the time Theriot expended preparing for and giving his deposition in this matter.

(6) Defendants are not entitled to the computer legal research costs requested.

Signed in chambers in Baton Rouge, Louisiana, February 21, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**